IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA MICHELLE BUSH | * | |
| Plaintiff, | | |
| v. | * | Civil Action Case No.  DKC-10-560 |
| GLENRIDGE MEDICAL CTR. | * | |
| PRINCE GEORGE'S HOSPITAL CENTER | | |
| PGHC ADMINISTRATOR LINDA GREEN | * | |
| Defendants. | | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Barbara Michelle Bush ("Bush") remains on conditional release while her federal criminal charges are pending.  *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.).  Her *pro se* complaint, filed on March 4, 2010, seemingly raises a claim "In Tort" against local medical and hospital centers and a hospital administrator in Prince George's County, Maryland.  Affording the missive a generous construction, Bush appears to be claiming prescription Medicare fraud on the part of Defendants and contends that they are responsible for the $177.60 in charges incurred July 18 and October 29, 2009 and January 16, 2010.  Paper No. 1.  She asserts that these are wrongful charges made "solely to deceive and steal Medicare funds via Plaintiff's coverage."  Bush alleges that Defendants' actions also violate the Eighth Amendment as they refused to authorize medication on the aforementioned 2009 dates and "retaliated" by forcing her to seek "unnecessary care" on January 16, 2010.  Bush seeks a waiver of the civil filing fee.  The request shall be granted.

To the extent that Bush's *pro se* Complaint may be construed as a straightforward tort claim leveled against Defendants, this court lacks jurisdiction over the matter.  Federal district courts are

courts of limited jurisdiction. They do not sit to review every claim related to alleged tortious conduct involving non-federal parties. It only has authority to review such claims filed pursuant to a federal district court's diversity of citizenship jurisdiction.

When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). According to the Complaint, all parties reside in Maryland. Thus, Bush's "tort" allegations cannot meet federal diversity requirements.

Insofar as Bush seeks to bring a claim for Medicare fraud, her case shall be dismissed for lack of standing. There is no private cause of action existing under the federal health care fraud statute. Only the federal government may bring lawsuits for the recovery of loss caused by alleged Medicare fraud. *See Rzayeva v. United* States, 492 F.Supp.2d 60, 78-79 (D. Conn. 2007); *Donovan v. Rothman*, 106 F.Supp.2d 513, 516 (S.D. N. Y. 2000).

For the aforementioned reasons, Bush's Complaint shall be dismissed.[1]  A separate order effecting the rulings made in this Memorandum Opinion is entered herewith.


Date:    3/18/10                             _____/s/_____
                                             DEBORAH K. CHASANOW
                                             United States District Court Judge

---

[1] Bush raises a conclusory Eighth Amendment claim, alleging that Defendants "refused" to authorize necessary medication on July 18, 2009 and October 29, 2009.  If construed as a 42 U.S.C. § 1983 civil rights claim, Bush's allegation fails to set out a claim.  The Eighth Amendment operates to protect individuals who have been convicted from cruel and unusual punishment in connection with their convictions. *See Graham v. Connor*, 490 U.S. 386, 393 (1989).  In any event, the named Defendants do not appear to be "state actors" amenable to suit under the Civil Rights statute.